

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jesse James
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-5140
Re: Interpretation of the ninety day
period for instituting tax refund
suits under Article 7057b, V.A.C.S.

Your request for opinion, dated March 17, 1943, and the accompanying letter from Honorable J. L. Rasberry have been received and considered by this Department. We quote from your letter as follows:

"The enclosed is a copy of a letter from Burges, Burges, Scott, Rasberry & Hulse, Attorneys of El Paso, Texas.

"For your information, the following protest payments have been received from the County Clerk of El Paso, Texas, for the two concerns mentioned in the enclosed letter:

| DATE | MORTGAGE INVESTMENT CO. | EL PASO FED. SAV. & LOAN |
|------|------|------|
| 11/26/41 | $ 99.70 | $ 15.10 |
| 12/17/41 | 69.70 | 15.20 |
| 1/21/42 | 46.60 | 17.10 |
| 2/21/42 | 95.50 | 9.50 |
| 3/23/42 | 68.50 | |
| 4/13/42 | 57.90 | 10.20 |
| 5/20/42 | 67.70 | 19.70 |
| 7/3/42 | 49.80 | 13.20 |
| 8/5/42 | 78.80 | 2.40 |
| 9/3/42 | 32.30 | .390 |
| 10/9/42 | 24.70 | |
| 12/4/42 | 66.50 | 7.70 |
| 2/8/43 | | 2.60 |
| Total | $757.70 | $125.20 |

". . . .

Honorable Jesse James, page 2

"We will appreciate an early reply to question asked in the enclosed letter."

Mr. Rasberry's letter reads as follows:

"Your letters of March 4, 1943, addressed to the Mortgage Investment Company of El Paso, Texas and the El Paso Federal Savings & Loan Association have been referred to us for attention. Both of these institutions have paid the State Note Stamp Tax under protest over a period beginning in October of 1941 up until the present date. We assume your letter is written in view of the recent decision of the Community Public Service Company vs. James, 166 S. W. (2d) 395. No suits have to date been filed against the State Treasurer under the provisions of Art. 7057d, but if all claims could be joined in one suit, we would proceed with the filing of the same. We would like to have you advise us whether or not the Attorney General construes the statute last mentioned to mean 90 days from the payment of the last tax under protest or whether he construes it to mean that the suit must be filed on each tax within 90 days after the time it was paid. We would like to hear from you further in this regard at your earliest convenience."

We assume that Mr. Rasberry's mention of Subdivision (4) of Article 7057 was a typographical error and shall discuss his question with respect to Subdivision (b) of said Article.

Section 2 of Article 7057b provides in part:

"Upon the payment of such taxes or fees, accompanied by such written protest, the tax-payer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. . ."

Thus, in unambiguous language the underlined portion of this quotation provides that suits filed under this Article must be commenced within ninety days from the date of payment of the tax.

664

Honorable Jesse James, page 3


In Section 2a of this Article provision is made whereby a taxpayer may file suit on the first of a series of payments, provided such suit is commenced within ninety days from the date of such payment, and may thereafter add subsequent payments to the original suit by way of amendment, provided such amendments are made within ninety days from the date of payment of the added tax. To hold that a taxpayer may pay a series of taxes under protest and may file suit at any time not exceeding ninety days from the date of the last payment would be largely to make unnecessary and superfluous the mode of handling a series of tax payments provided in Section 2a.

Moreover, in Section 4 of the Article under consideration it is made the duty of the State Treasurer to transfer protested taxes into appropriate State funds "if suit is not brought within the time and within the manner" provided by this Article. If a taxpayer were allowed to await the last in a series of protested tax payments and to file suit for the total of such payments within ninety days from the payment of the last amount, it is obvious that the State Treasurer could never know, with reference to any individual payment, whether suit would eventually be brought within the allotted time and whether such payment should be transferred from the suspense account. Such a freezing in the suspense account of protested taxes cannot be deemed to have been within the contemplation or intent of the Legislature when this Article was passed.

Consequently, it is the opinion of this Department and you are respectfully advised that suits filed under Article 7057b must be filed within ninety days from the date of payment of the tax unless the taxpayer avails himself of the optional mode of suit provided by Section 2a of said Article.

Trusting that the foregoing satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead
R. Dean Moorhead
Assistant

RDM:AMM

APPROVED OPINION COMMITTEE